UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| BILLY JOE HENDERSON | ) | |
| | ) | |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | No.: 3:07-cv-261 |
| | ) | (VARLAN/GUYTON) |
| TOMMY MILLS, Warden | ) | |
| | ) | |
| *Respondent*. | ) | |

## **MEMORANDUM OPINION**

This is a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the court on the motion to dismiss filed by the Attorney General for the State of Tennessee, on behalf of the respondent; petitioner has not filed a response to the dispositive motion. For the following reasons, the motion to dismiss [Court File No. 6] will be **GRANTED** and this action will be **DISMISSED**.

Petitioner Billy Joe Henderson ("Henderson") challenges his 1998 Knox County, Tennessee, conviction for first degree murder. The Attorney General moves to dismiss the habeas corpus petition as untimely. In support of the motion to dismiss, the Attorney General has provided the court with copies of the documents relevant to Henderson's direct appeal as well as his post-conviction proceedings. [Court File No. 7, Notice of Filing Documents, Addenda 1-16].

Henderson was convicted by a jury of first degree murder and sentenced to life imprisonment. The judgment of conviction was affirmed on direct appeal. *State v. Henderson*, No. 03C01-9804-CR-00139, 1999 WL 398087 (Tenn. Crim. App. June 18, 1999), *perm. app. denied, id.* (Tenn. Nov. 12, 1999). [Addendum 7].

On December 1, 2000, Henderson filed a petition for post-conviction relief. *Henderson v. State*, No. E2001-00438-CCA-R3-PC, 2001 WL 1464544 (Tenn. Crim. App. Nov. 19, 2001). [Addendum 9]. The trial court dismissed the petition without appointing counsel because Henderson had failed to state a colorable claim. The Tennessee Court of Criminal Appeals reversed and remanded. *Id*.

After an evidentiary hearing on remand, the trial court denied the post-conviction petition and the Tennessee Court of Criminal Appeals affirmed. *Henderson v. State*, No. E2005-00806-CCA-R3-PC, 2006 WL 1575138 (Tenn. Crim. App. June 9, 2006), *perm. app. denied, id.* (Tenn. Oct. 16, 2006). [Addendum 16].

Henderson filed the pending habeas corpus petition on January 11, 2007.[1] The respondent moves to dismiss the petition based upon the statute of limitation.

---

[1] The habeas corpus petition was originally filed in the U.S. District Court for the Middle District of Tennessee and transferred to this court. The petition was received by the Middle District on January 16, 2007. However, the envelope bears a stamp showing it was received by the prison mail room for mailing on January 11, 2007. Pursuant to the "prison mail box rule" of *Houston v. Lack*, 487 U.S. 266 (1988), a *pro se* prisoner's pleading is "filed" in federal court when it is given to a prison official for mailing. It is worth noting, also, that the petition bears a signature date of January 8, 2007.

There is a "1-year period of limitation [that] shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitation period generally runs from the date on which the judgment of conviction became final, with the provision that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Henderson's conviction became final on February 20, 2000, which was 90 days after the Tennessee Supreme Court denied his application for permission to appeal on direct appeal. *Bronaugh v. State of Ohio*, 235 F.3d 280 (6th Cir. 2000) (statute of limitation is tolled during the 90 days within which petitioner could have filed a petition for writ of certiorari with the U.S. Supreme Court on direct appeal).

Henderson's state post-conviction petition tolled the running of the statute of limitation, but only while it was pending. The post-conviction petition was filed on December 1, 2000, at which time 284 days of the one-year statute of limitation had elapsed, leaving only 81 days for filing a federal habeas corpus petition. *See Payton v. Brigano*, 256 F.3d 405, 406 (6th Cir. 2001) (a pending post-conviction petition "merely tolled, rather than reset," the one-year statute of limitation).

The Tennessee Supreme Court denied permission to appeal the denial of post-conviction relief on October 16, 2006, and the statute of limitation resumed running on that date. *See Lawrence v. Florida*, 127 S. Ct. 1079, 1083 (2007) (statute of limitation is not tolled during the pendency of a petition for certiorari to the U.S. Supreme Court); *Dunlap v. State*, No. E2001-00189-CCA-R3-PC, 2001 WL 1231507 *3 (Tenn. Crim. App. October 12, 2001), *perm. app. denied, id.* (Tenn. May 6, 2002) (state court decision becomes final on the date the Tennessee Supreme Court either files its opinion or denies permission to appeal; the 30 days after judgment for the mandate to issue does not apply to toll a statute of limitation).

As noted, Henderson had 81 days, or until January 5, 2007, to seek federal habeas corpus relief. Henderson's habeas corpus petition was not filed until January 11, 2007; in fact, it was not signed by Henderson until January 8, 2007. Accordingly, the habeas corpus petition was not timely filed and is barred by the statute of limitation. *See Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) (quoting *Graham-Humphreys*, 209 F.3d 552, 561 (6th Cir. 2000)) ("'Absent compelling equitable considerations, a court should not extend limitations by even a single day.'").

The motion to dismiss will be **GRANTED**. The petition for habeas corpus relief will be **DENIED** and this action **DISMISSED**. Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and

would be totally frivolous.  *See* Rule 24 of the Federal Rules of Appellate Procedure.  The court will further **DENY** petitioner leave to proceed *in forma pauperis* on appeal.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE